UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MA. PATROCINIO F. SALCEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01161-SEB-DLP |
| | ) | |
| RN STAFF INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Ma. Patrocinio Salcedo *pro se* initiated this lawsuit on May 7, 2021, alleging that RN Staff, Inc. ("RN Staff") breached her employment contract and that all Defendants engaged in violations of the Trafficking Victims Protection Act ("TVPA"). *See* 18 U.S.C. §§ 1589, 1590. Now before the Court are Defendants Manuel Garcia, Antonina Haskins, Ramon Villegas, and RN Staff's Joint Motion to Dismiss [Dkt. 14] and Joint Motion to Dismiss Amended Complaint [Dkt. 29], as well as Defendant Arvin Amatorio's individually filed Motion to Dismiss [Dkt. 19], Motion to Admit Supplemental Authority in Support of Motion to Dismiss [Dkt. 27], and Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 30].

For the reasons detailed below, we GRANT Defendants' Motion to Dismiss Plaintiff's Amended Complaint. [Dkt. 29; Dkt. 30]. All other motions are DENIED AS MOOT. [Dkt. 14; Dkt. 19; Dkt. 27].

**Discussion**

On May 7, 2021, Ms. Salcedo filed her original complaint containing 337

substantive paragraphs spread out over 49 separate pages. Plaintiff addresses her causes

of action for the first time on page 46, incorporating all the preceding 313 allegations into

her TVPA forced labor claim, all the preceding 325 allegations into her TVPA trafficking

claim, and all the preceding 331 allegations into her breach of contract claim. On July 20,

2021, Defendants Manuel Garcia, Antonina Haskins, Ramon Villegas, and RN Staff

(collectively, the "RN Staff Defendants") jointly moved to dismiss Plaintiff's complaint,

pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alternative, to strike the

complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(f). [Dkt. 14]. On

September 21, 2021, Defendant Arvin Amatorio individually moved to dismiss Plaintiff's

complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In lieu of a response to Defendants' motions to dismiss, Plaintiff filed an amended

complaint on October 29, 2021. [Dkt. 28]. Plaintiff's amended complaint is even more

prolix than her original complaint, consisting of 401 substantive paragraphs spread over

60 pages. Plaintiff again incorporates all 352 preceding allegations into her TVPA forced

labor claim, all 365 preceding allegations into her 18 U.S.C. § 1590 claim, all 371

preceding allegations into her 18 U.S.C. § 1594 claim, all 381 preceding allegations into

her breach of contract claim, and all 387 preceding allegations into her legal malpractice

claim.

The Federal Rules of Civil Procedure allow a party to amend an initial pleading

once as a matter of course so long as the party complies with certain filing

Case 1:21-cv-01161-SEB-DLP   Document 39   Filed 03/15/22   Page 3 of 7 PageID #: 280

requirements. *See* Fed. R. Civ. P. 15(a)(1). After the period during which a party may amend its pleading as a matter of course has elapsed, Rule 15 states that a "party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). The court freely grants leave "when justice so requires." *Id.* However, Ms. Salcedo's amended complaint is untimely: an amendment as a matter of course was due within 21 days following service of Defendants' motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). In addition, prior to filing her amended complaint, Plaintiff, in contravention of the federal rules, obtained neither Defendants' written consent nor the Court's leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff has provided no explanation for her delay in filing her amended complaint. The RN Staff Defendants and Mr. Amatorio responded to Plaintiff's amended with their renewed motions to dismiss, incorporating their prior arguments while also addressing the new claims set out in Plaintiff's amended complaint. [Dkt. 29; Dkt. 30].[1] Considering Plaintiff's *pro se* status and Defendants' now fully briefed response to Plaintiff's amended complaint, we shall focus our review on Plaintiff's amended complaint as the operative pleading, which renders Plaintiff's original complaint moot.[2]

---

[1] Plaintiff's amended complaint alleges as material facts those which were included verbatim in her original complaint, adding two new claims—that all Defendants conspired to violate the TVPA, 18 U.S.C. § 1594, and that Mr. Amatorio committed legal malpractice.

[2] In major respects, Plaintiff's original complaint suffers from the same deficiencies as her amended complaint, making it subject to dismissal for the same reasons her amended complaint fails to state a claim upon which relief can be granted.

We need not delve deeply into the allegations set forth in Ms. Salcedo's prolix amended complaint. A summary will suffice for purposes of our current review. Ms. Salcedo alleges that she is a citizen of the Philippines who came to the United States to work as a physical therapist under an H-1B nonimmigrant visa in 2014. In 2015 and 2016, she claims that she began negotiations with RN Staff regarding an employment agreement pursuant to which RN Staff would agree to sponsor her for an employment-based immigration visa thus affording her an opportunity to apply for a green card. Ms. Salcedo asserts that RN Staff filed various immigration petitions and applications related to her immigration status over the course of the next several years, including I-140 petitions and I-485 applications. However, RN Staff failed to secure a visa and/or green card for Ms. Salcedo. So far as we are able to discern from her voluminous papers, Ms. Salcedo believes that Defendants knowingly abused the immigration sponsorship process for the purpose of coercing Ms. Salcedo to continue working for RN Staff and that their fraudulent tactics resulted in her forced labor and/or trafficking.

Plaintiff's complaint is clearly out of compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that pleadings contain "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. In other words, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). *See also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift

through its pages" to determine whether it states a valid claim). In contrast to this standard, Ms. Salcedo's complaint sets forth in minute irrelevant details of various events, such as the procedures for filing her first round of immigration forms (discussed over the course of more than six pages), her lengthy recitations of correspondence and/or conversations between/among the parties, and excerpts of statutory and regulatory material that are entirely unnecessary to her claims.

A party must also lay out her claims in numbered paragraphs, each limited so far as practicable to a single set of circumstances under Rule 10(b). The rule further provides that if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count. Fed. R. Civ. P. 10(b). Here, Ms. Salcedo's substantive assertions consist of overlapping vague, impenetrable, indecipherable allegations, comprised of literally hundreds of paragraphs packed into each separate count. *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) (stating that such pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Ms. Salcedo's complaint thus fails to provide adequate notice to Defendants of her actual claims.[3]

Accordingly, the complaint must be <u>DISMISSED</u> for failure to state a claim upon which relief can be granted, and we will <u>GRANT</u> Defendants' Motion to Dismiss

---

[3] Plaintiff's amended complaint also includes more than sixty references to extrinsic documents, ranging from emails to text messages to immigration filings, many of which are described in the complaint but have not been attached as exhibits.

Plaintiff's Amended Complaint [Dkt. 29; Dkt. 30] and <u>DENY AS MOOT</u> all other pending motions. [Dkt. 14; Dkt. 19; Dkt. 27].

Because Ms. Salcedo is proceeding *pro se*, she will be afforded an opportunity to review this Order and allowed to submit a second amended complaint that overcomes the deficiencies of her initial pleading by framing her claims in a clear and concise manner. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint[.]")*.* We emphasize that she must accept and follow the rulings made here in crafting any amended pleading. Ms. Salcedo is allowed **thirty days** within which to file an amended complaint meaning, by no later than **Thursday, April 14, 2022**.

IT IS SO ORDERED.

Date:   03/15/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MA. PATROCINIO F. SALCEDO
17 Longview Avenue
Fairfield, CT 06824

Arvin G. Amatorio
ARVIN AMATORIO PC
aga@amatoriolaw.com

Bryce H. Bennett, Jr.
RILEY BENNETT EGLOFF LLP
bbennett@rbelaw.com

Patrick Stephen McCarney
RILEY BENNETT EGLOFF LLP
pmccarney@rbelaw.com